Mr. Justice Clayton,
delivered the opinion of the court.
This was an action in the circuit court of Carroll county against the plaintiffs in error upon a note executed by them jointly. The action was assumpsit, and the fact that the defendants were husband and wife was fully established. Upon the trial, the court was requested to instruct the jury, “ that if they believed, from the evidence, that the defendant, Elizabeth Davis, was a married woman at the time the note sued on was executed, they could not find a verdict against her.” This charge was refused.
It was settled, at common law, that the contract of a married woman is void. Clancy on Hus. & Wife, 23. Lord Kenyon laid down the rule thus emphatically : “ If any one proposition in the law can be more clear than another, it is this, that an action cannot be brought against a feme covert, except by the custom of London. A court of law cannot get at the property of the wife, if she have any.” Clayton v. Adams, 6 T. R. 604.
In the exposition of our statute, called familiarly the married woman’s law, it has already been decided, that it has not the effect to extend her power of contracting, or of binding herself or her property. Its effect rather is to take away all power of subjecting her property to her contracts, except in the particular mode specified in the statute.
The judgment being against both, must be reversed and the cause remanded, for such further steps as the plaintiff may choose to take.
Judgment reversed.